UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities and Exchange Commission,<br><br>               Plaintiff,<br><br>-against-<br><br>George Wallace Stewart, et al.,<br><br>               Defendants. | 98-CV-02636 (LAP)<br><br>ORDER |
| Allen B. Gottlieb, Phyllis J. Gottlieb, individually and as guardian of Jesse H. Gottlieb,<br><br>               Plaintiffs,<br><br>-against-<br><br>Alexander Eisemann,<br><br>               Defendant. | 25-CV-9195 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Previously, this Court ordered the parties in the above-captioned actions, 98-CV-2636 (the "SEC Action") and 25-CV-9195 (the "Malpractice Action"), to appear for oral argument on February 10 and address any pending motions in the Malpractice Action. (Malpractice Action Dkt. 86.)  Mr. Gottlieb now insists that this Court is "without judicial authority" to proceed with the February 10 hearing.  (See Ex. A.)

This Order collectively addresses Mr. Gottlieb's request to cancel the February 10 hearing and various jurisdictional

arguments raised by Mr. Gottlieb.[1]  To that end, the Court liberally construes Mr. Gottlieb's various submissions as three separate motions, all of which are without merit.

A. **Gottlieb's Motions to Transfer**

First, Mr. Gottlieb appears to rehash his longstanding argument that the Malpractice Action and a prior related litigation initiated by the Gottliebs, 15-CV-9568 (the "2015 Action"), were improperly transferred to this Court pursuant to 28 U.S.C. § 1404(a).[2]  The Court construes this as a motion to return the cases to the district courts in which the Gottliebs originally filed.

Mr. Gottlieb's extensive arguments against transfer of those cases were considered and rejected by the original district judges in those cases, (2015 Action Dkt. 37; Malpractice Action Dkt. 72), and the transfer of the 2015 Action that Mr. Gottlieb continues to

---

[1] Because Mr. Gottlieb's unsolicited submissions in the SEC Action fail to comply with his filing bar, see SEC Action Dkt. 632, the Court is not required to consider such submissions.  Nonetheless, the Court will consider certain otherwise-barred submissions to guide its interpretation of arguments raised by Mr. Gottlieb in the Malpractice Action.

[2] See Ex. A. ("There still remains a pending motion at Docket #634, Motion to dismiss Phyllis's Transferred Florida case 15-cv-23309 (Scola) wrongly being heard with case 98-cv-2636 (LAP) per Rule 60(b)(4) for lack of New York Jurisdiction . . . ."); SEC Action Dkt. 634 at 3 ("[C]ase 15-CV-23309 (Scola), U.S. District Court for Southern Florida was wrongfully transferred to New York without personal jurisdiction and/or subject matter jurisdiction over Phyllis . . . .").

2

collaterally attack was affirmed by the Court of Appeals long ago. Gottlieb v. SEC, 723 F. App'x 17, 20 (2d. Cir. 2018).  The Court will not permit Mr. Gottlieb to relitigate the 2015 Action through the instant Malpractice Action.  As to the transfer of the Malpractice Action, the Court agrees with the findings of Judge Mendoza, (see Malpractice Action Dkt. 72), who found that transfer to this district was proper under § 1404(a).  Any motion to re-transfer the Malpractice Action to the Middle District of Florida is without merit.

Finally, Mr. Gottlieb's suggestion that this Court lacks personal jurisdiction over the Gottliebs in any of these transferred actions is equally meritless.  "There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint."  Manchin v. PACS Grp., Inc., No. 24-CV-8636 (LJL), 2025 WL 1276569, at *6 (S.D.N.Y. May 1, 2025) (cleaned up).  "In other words, there is no due process concern, at least to the level of requiring minimum contacts with the new forum, for plaintiff when a case is transferred under § 1404(a), because the plaintiff chose to initiate the litigation and in no sense is plaintiff unilaterally being haled into court to defend."  Id. (emphasis added).  That is precisely the case here.  The Gottliebs chose to

file the 2015 and Malpractice Actions; they cannot now complain that this Court lacks jurisdiction merely because they are unhappy with how the cases have proceeded.

B. **Gottlieb's Motions For Recusal**

Mr. Gottlieb also objects that the Malpractice Action was designated as related to Mr. Gottlieb's prior litigations and assigned to this Court per this District's standard case assignment protocol.  Mr. Gottlieb has suggested that (i) the Court is biased against Mr. Gottlieb; and (ii) this Court has a "conflict of interest" because of the prior proceedings against Mr. Gottlieb that make the Court a "witness" in the ongoing Malpractice Action.

The Court liberally construes this as a motion for recusal. See 28 U.S.C. § 455(a)("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); § 455(b)(5)(iv)(extending disqualification where the judge ("[i]s to the judge's knowledge <u>likely to be a material witness</u> in the proceeding") (emphases added).  Neither prong warrants recusal.

First, Mr. Gottlieb offers no evidence that the Court cannot hear this case in an impartial manner in the wake of the prior litigations that Mr. Gottlieb has pursued.  Rather, Mr. Gottlieb recycles unsubstantiated allegations that the Court suffers from "Gottlieb derangement syndrome" on account of its prior rulings. (SEC Action Dkt. 634 at 24.)  This rehashes the same argument that

4

the Court of Appeals summarily rejected eight years ago.  Gottlieb, 723 F. App'x at 19–20 ("Gottlieb's principal argument (that Judge Preska was biased because of her involvement with [the SEC Action]) does not raise any question of Judge Preska's impartiality for an objective observer.").  To the extent that Gottlieb makes new allegations, Section 455(a) "does not compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge."  Barnett v. United States, No. 11 CIV. 2736 LAP, 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012).  Regardless of how the Court has ruled against the Gottliebs in the past, the Court is determined to ensure that the Gottliebs, as with all litigants before this Court, are accorded fair and impartial treatment.  In any event, prior rulings are not a basis for recusal.  Ezekwo v. (Off. of Pro. Misconduct) New York, No. 21-CV-1274 (LTS), 2021 WL 3146239, at *3 (S.D.N.Y. July 23, 2021).

As to Mr. Gottlieb's allegation that this Court may be a witness in the Malpractice Action, "an assertion that a judge will be a material witness does not lead automatically to disqualification."  Adrian v. Mesirow Fin. Structured Settlements, LLC, 588 F. Supp. 2d 216, 219 (D.P.R. 2008) (citing U.S. v. Rivera, 802 F.2d 593, 601 (2d Cir. 1986)).  Indeed, the Court is skeptical that such an issue could ever arise given that the Federal Rules expressly preclude the parties from calling this Court as a witness.  See Fed. R. Evid. 605.  It is also well-settled that "a

5

judge is not required to recuse when there are other available witnesses that could provide the same testimony as that judge." Arrowood Indem. Co. v. City of Warren, Mich., 54 F. Supp. 3d 723, 728 (E.D. Mich. April 22, 2014) (collecting cases).  Even if the Malpractice Action involves prior proceedings before this Court, there is no evidence that this Court is personally in possession of relevant information that is not otherwise available in the extensive records from Mr. Gottlieb's various litigations.

In the absence of any basis to recuse itself, this Court is duty-bound to proceed with the case.  In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007) (cleaned up) ("[A] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").

C. **Gottlieb's Motions to Stay These Proceedings Pending Appeal**

Finally, Mr. Gottlieb appears to object to this Court's proceeding with the case while his now-several appeals are pending. (See Ex. A.)  The Court construes this as a motion for a stay of proceedings pending appeal.

In support of his motion to adjourn or cancel these proceedings, Mr. Gottlieb appears to reference the "divestiture rule" articulated in Griggs v. Provident Consumer Disc. Co., 459 U.S. 56 (1982).  But application of the divestiture doctrine is far from automatic, especially where a litigant files frivolous notices of appeal.  See United States v. Rodgers, 101 F.3d 247,

251 (2d Cir. 1996) (cleaned up); Carroll v. Trump, 687 F. Supp. 3d 394, 404 (S.D.N.Y. 2023) n.25 ("An interlocutory appeal, unless frivolous, generally divests the district court of jurisdiction respecting the issues raised and decided in the order on appeal . . . .") (emphasis added).  To the extent there is any overlap between issues raised by any of Mr. Gottlieb's pending appeals and these proceedings, "[t]his Court certifies that [the] appeal[s] . . . [are] frivolous" and do not divest this Court of jurisdiction to dispose of Mr. Gottlieb's ever-growing mountain of motions. Id. at 404-405.

## CONCLUSION

For the foregoing reasons, Mr. Gottlieb's various jurisdictional challenges, motions for recusal, and requests to adjourn the February 10 conference are DENIED.

Mr. Gottlieb remains permitted to submit one ten-page memorandum of law in advance of the February 10 hearing in which he may raise any further issues not addressed by this Order.  Any other motion not brought to the Court's attention at the February 10 hearing shall be considered forfeited.  If Mr. Gottlieb does not appear for the hearing, the Court reserves to the right to dismiss the Gottliebs' claims against Mr. Eisemann for failure to prosecute and proceed solely with Mr. Eisemann's counterclaims against the Gottliebs.

The Clerk of the Court shall close all open motions in the above-captioned actions and mail a copy of this Order to the Gottliebs.  Except for the single ten-page submission permitted above, Mr. Gottlieb shall not file any further papers in any of the above-captioned matters without express leave of this Court.[3] Furthermore, Mr. Gottlieb shall refrain from making any additional substantive arguments to this Court via email or other means.

**SO ORDERED.**

Dated:    New York, New York
          January 29, 2026

_Loretta A. Preska_
_____
LORETTA A. PRESKA
United States District Judge

---

[3] Naturally, the Court must balance its need to prevent abuse of the judicial system with Mr. Gottlieb's right to pursue his malpractice case and defend against Mr. Eisemann's counterclaims. Accordingly, Mr. Gottlieb may email chambers to discuss purely logistical issues or seek leave to file additional documents in the Malpractice Action, provided that each email does not exceed 200 words.  If Mr. Gottlieb seeks leave to file frivolous motions or otherwise abuses this privilege, the Court reserves the right to further restrict Mr. Gottlieb's communications with chambers or hold Mr. Gottlieb in contempt.

# EXHIBIT A

 Outlook

---

## Re: Gottlieb et al v. Eisemann, 25-cv-09195 - February 10 Teleconference

---

**From** lawconsultancy@aol.com <lawconsultancy@aol.com>

**Date** Mon 1/19/2026 2:10 PM

**To**    Preska NYSD Chambers <PreskaNYSDChambers@nysd.uscourts.gov>; aee@eislaw.com <aee@eislaw.com>; lawconsultancy@aol.com <lawconsultancy@aol.com>

**CAUTION - EXTERNAL:**

Dear Judge Preska,

Please confirm what I believe is denying me due process in that I have the right to oppose and make timely objections with a memorandum of law concerning the lack of jurisdiction prior to conducting the Conference, for your consideration and ruling?

My reasons should be fully considered by the Court and ruled upon prior to the conference because **without jurisdiction** the conference is without judicial authority to consider the merits.  Therefore, your Honor's response is required on the record prior to the conference in the event an appeal is required.

From the Court's statements, I am uncertain if the Court is preventing me from filing my objections and memorandum of law, separately from any other objections that the Court is permitting.

I am basing my request upon the grounds that the Court lacks jurisdiction to proceed with the conference because to do so would deny me the right to protect and preserve my due process rights, which be trampled because they are in opposition to the February 10th Conference, on the grounds that if the Court lacks jurisdiction to conduct the Conference, thus it is prohibited to move on and continue on the merits. Because the "pending motions" are the merits!  In other words, the Court should not attempt to put the horse before the carriage.

**Respectfully, I submit that the requirement for Jurisdiction first is obligatory and that I be permitted to present a memorandum of law to protect due process!  In addition, to that which is being permitted.**

I await the Court's response.
Allen B. Gottlieb

In a message dated 1/19/2026 9:59:37 AM Eastern Standard Time, PreskaNYSDChambers@nysd.uscourts.gov writes:

Mr. Gottlieb, we understand that is your position.  However, the purpose of the oral argument is to address your various pending motions, including your jurisdictional challenges and what we construe as a motion for the Court's recusal.  Accordingly, your request is denied.

To the extent you object to the conference on jurisdictional grounds, your objection will be noted on the record by the court reporter.

Unless you prefer a different email, we will send the Teams invite to lawconsultancy@aol.com.

---

**From:** law consultancy <lawconsultancy@aol.com>
**Sent:** Sunday, January 18, 2026 7:14 PM
**To:** Alex Eisemann <aee@eislaw.com>; lawconsultancy@aol.com <lawconsultancy@aol.com>
**Cc:** Preska NYSD Chambers <PreskaNYSDChambers@nysd.uscourts.gov>
**Subject:** Re: Gottlieb et al v. Eisemann, 25-cv-09195 - February 10 Teleconference

**CAUTION - EXTERNAL:**

459 U.S. 56, 58 (1982).  Griggs v provident. from my iPhone

> On Jan 18, 2026, at 1:48 PM, Alex Eisemann <aee@eislaw.com> wrote:
>
> Dear Judge Preska,
>
> Unless Mr. Gottlieb intends his email below to be the Gottlieb's permitted 10-page submission, I submit that it does not comply with your Honor's rulings prohibiting additional submissions.
>
> Therefore, unless or until he confirms that this is their permitted submission, I respectfully request that your Honor ignore it.  If he does confirm that this is their permitted submission, I will oppose his request in an appropriate filing, which will include arguments that there is currently no stay in effect from any other court, and that the Gottliebs cannot satisfy the well-known standards for a stay in this one.
>
> Alternatively, I request Mr. Gottlieb to withdraw his request.
>
> Respectfully,
>
> Alex Eisemann
>
>
> Alexander E. Eisemann
> Attorney at Law

20 Vesey Street, Suite 400
New York, New York 10007
(212) 420-8300 (o)
(914) 533-2535 (f)
(917) 589-4500 (c)
aee@eislaw.com
www.eislaw.com

On Jan 18, 2026, at 9:31 AM, lawconsultancy@aol.com wrote:

Dear Judge Preska,

Reference: Allen Gottlieb would
Oppose the January 17, 2026, Order in case 25-cv-9195  on
several grounds:

(1) There still remains a pending motion at Docket #634, Motion to
dismiss Phyllis's Transferred Florida case 15-cv-23309 (Scola)
wrongly being heard with case 98-cv-2636 (LAP) per Rule 60(b)
(4) for lack of New York Jurisdiction which is not a motion for
"reconsideration"!  It goes to the heart of the lack of New York
Jurisdiction and the wrongful awarding of legal fees to Eisemann
contrary to the controlling Florida Constitution Art. X, Sec. 4,
Homestead Exemption and the Rule of Decision Act (*Erie RR and
DeMayo*) .

> (2)   Additionally, in Gottlieb v. Alexander Eisemann, Esq.,
> No. 25-cv-9195, a civil action asserting claims including
> legal malpractice, fraud, and unjust enrichment, among
> others; this case was originally filed in the United States
> District Court for the Middle District of Florida and was
> transferred to the Southern District of New York pursuant to
> 28 U.S.C. § 1404(a) over our objection. This case and the
> transfer order to the United States Court of Appeals for the
> Eleventh Circuit are being appealed 25-13988-HH and
> remains pending.
>
> **(3)**   I also respectfully advise the Court that there is also a
> related jurisdictional proceeding pending in the United
> States Court of Appeals for the Second Circuit, Gottlieb v.
> SEC, No. 25-702 (2d Cir.), which concerns the Southern
> District of New York's jurisdiction arising from the underlying
> SDNY enforcement case SEC v. Gottlieb, No. 98-cv-2636
> (LAP).

**(4)**    There is also the issue of the due process and the necessity of having an impartial judge preside over case 25-cv-9195( LAP). (Pippo v Baker and Aetna Live Ins. Co v. Lavoie).  Assuming the 11th Circuit permits the transfer I am certain that you would agree that the District Court for Southern District of New York has a multitude of Judges that could be appropriately assigned with a clean-slate-history rather than your Honor presiding that might appear to be a conflict of interest of which I already complained to the Assignment Committee and Chief Laura Swaine.

(4)   In light of (1) the Pending motion Docket 634 and (2) the Eleventh Circuit's pending review of the transfer order in this case, and (3) the related Second Circuit proceeding addressing SDNY jurisdiction arising from 98-cv-2636 (LAP), (4) The appearance of a conflict of interest.

(5)   Therefore, I respectfully request that the Court hold any scheduled hearing on factual or merits issues in abeyance until there is an Appellate ruling on New York Jurisdiction, or alternatively adjourn it, until the appellate courts rule.

(6)   My concern is that proceeding on merits-related issues while appellate jurisdiction/ transfer questions remain unresolved could risk inefficiency and potential inconsistency in rulings.

(7)   I make this request respectfully and in good faith, and I am attempting to avoid unnecessary motion practice. If the Court prefers that this request be submitted as a formal motion, I will comply immediately. Thank you for the Court's consideration.

Respectfully submitted this 18th day of January 18, 2026

//Allen B. Gottlieb, Pro Se (Sig)

In a message dated 1/18/2026 9:47:58 AM Eastern Standard Time, PreskaNYSDChambers@nysd.uscourts.gov writes:

Mr. Gottlieb and Mr. Eisemann:

Please see the attached order from the Court regarding oral argument scheduled for **February 10 at 10:00 AM** on Microsoft Teams. The same order will be docketed via ECF and mailed to Mr. Gottlieb when the Court re-opens on Tuesday.

As set forth in the order, by January 30, 2026, please confirm that you are each able to access Microsoft Teams and provide the email address(es) to which you would like us to send Teams invitations.

Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.