UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
Allen B. Gottlieb, Phyllis J.
Gottlieb, individually and as
guardian of Jesse H. Gottlieb,                     25-CV-9195 (LAP)

            Plaintiffs,
                                                   ORDER
-against-

Alexander Eisemann,

            Defendant.
└─────────────────────────────────────┘
```

LORETTA A. PRESKA, Senior United States District Judge:

On February 18, 2026, the parties appeared for oral argument on all outstanding motions. After giving each party the opportunity to argue any outstanding motion, the Court denied all motions except for Defendant Eisemann's motion for summary judgment. The Court also granted Mr. Gottlieb leave to file an otherwise untimely answer to Mr. Eisemann's counterclaims by March 15, 2026. This Order addresses several requests made by Mr. Gottlieb following the conference.

A. **Revised Scheduling Order**

First, Mr. Gottlieb asks the Court to enter a new scheduling order. (Dkt. 92-1 at 1.) This is a thinly veiled request to revisit the Court's oral ruling denying Mr. Gottlieb's motion to reopen discovery. As stated at the conference, the discovery deadline lapsed long before this case was transferred to this Court. (See Dkt. 44 at 1 (setting discovery deadline of August 1,

2025); Dkt. 72 at 5 (noting that "neither party conducted discovery in this case and the time to do so has elapsed.")) Mr. Gottlieb—a former (and now-disbarred) lawyer by trade—was fully aware of this deadline and opted to take no discovery.  Mr. Gottlieb never sought any extension (or indicated any desire to take discovery at all) until the February 18 conference and showed no good cause to do so.  In any event, Mr. Gottlieb has access to all of Mr. Eisemann's case files related to his representation of Mr. Gottlieb.  Mr. Eisemann has even agreed to provide an additional copy of that case file after Mr. Gottlieb's apparent failure to download it previously.  (Dkt. 92 at 2 n.2.)

Nor, as Mr. Gottlieb suggests, do the "pleadings remain open" and therefore compel the Court to reset the case schedule accordingly.  (Dkt. 92-1 at 1.)  As a courtesy, the Court sua sponte granted Mr. Gottlieb leave to file an untimely answer to Mr. Eisemann's counterclaims and thus avoid a default judgment. That in no way compels the Court to reissue a scheduling order that would have the effect of resetting the discovery deadline.

Accordingly, any requests by Mr. Gottlieb to reopen discovery are DENIED.  The parties shall submit a proposed briefing schedule for any dispositive motions regarding Mr. Eisemann's counterclaims after Mr. Gottlieb files his answer.

B. **Mr. Eisemann's Summary Judgment Motion**

Mr. Gottlieb also asks for leave to file an additional submission in opposition to Mr. Eisemann's motion for summary judgment.  Once again, the deadline for such submissions was long ago.  However, solely due to Mr. Gottlieb's nominal status as a pro se litigant, the Court will permit Mr. Gottlieb to file a single additional submission of no more than five pages by March 30, 2026.  Mr. Eisemann may file any reply of equivalent length by April 13, 2026.

C. **Future Filings**

Mr. Gottlieb has requested clarity on his filing restrictions in light of the Court's prior finding that Mr. Gottlieb was a vexatious litigant.  (See SEC v. Gottlieb, No. 98-CV-2636, Dkt. 632 at 6.)  Accordingly, the Court now clarifies the scope of Mr. Gottlieb's filing restrictions in this action:

- Mr. Gottlieb shall refrain from filing any papers in this action, whether via ECF or otherwise, unless (i) the submission is addressed to the Court of Appeals; (ii) Mr. Gottlieb has obtained leave of court for the submission; or (iii) the filing is a letter-motion that itself seeks leave of court and meets the criteria described below.

- If Mr. Gottlieb seeks leave of court for any filing, the procedure is as follows.  Mr. Gottlieb may submit (if needed, with the assistance of the pro se office) a single letter-

3

motion of no more than 300 words outlining his proposed submission and the basis for it.  Mr. Gottlieb shall contemporaneously provide a courtesy copy of the letter-motion to this Court via its chambers email.

## CONCLUSION

Mr. Gottlieb's request to reopen discovery is <u>DENIED</u>.  As set forth at the February conference, Mr. Gottlieb's deadline to answer Mr. Eisemann's counterclaims remains March 15, 2026.  The parties shall submit a proposed briefing schedule for any dispositive motions regarding Mr. Eisemann's counterclaims after Mr. Gottlieb files his answer.

Mr. Gottlieb may file the additional submission in opposition to Mr. Eisemann's motion for summary judgment by March 30, 2026. Mr. Eisemann may file a reply of equivalent length by April 13, 2026.

Mr. Gottlieb shall comply with the filing restrictions set forth above, and both parties shall refrain from raising any substantive disputes via email to chambers.  Notwithstanding this Order, the parties may continue to contact chambers for purely logistical issues or questions that cannot be resolved by reference to this Order or the Court's Individual Rules of Practice.

The Clerk of the Court shall mail a copy of this Order to Mr. Gottlieb.

4

**SO ORDERED.**

Dated:    New York, New York
          March 4, 2026

_____
LORETTA A. PRESKA
United States District Judge

5